United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Dennis Haynes, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 17-60663-Civ-Scola |
| | ) |
| Hooters of America, LLC, Defendant. | ) |

### **Order Granting Motion to Dismiss**

Plaintiff Dennis Haynes complains that Defendant Hooters of America, LLC's website is inaccessible to blind customers like himself. (Compl., ECF No. 1.) Hooters contends that Haynes's case should be dismissed for a lack of subject-matter jurisdiction. (Def.'s Mot. to Dismiss, ECF No. 8.) According to Hooters, the complaint is moot based on a pre-existing remediation plan—which Hooters is in the process of implementing—as a result of a settlement between Hooters and a different plaintiff in an earlier-filed suit. In response, Haynes argues that (1) his rights are not impacted by the settlement agreement from the prior case and (2) that settlement agreement is, in any event, insufficient to moot his case. (Pl.'s Resp., ECF No 9.) The Court is persuaded by Hooters's argument and finds that, under these circumstances, Haynes's complaint is moot.

Prior to the initiation of this case, another, apparently unrelated plaintiff, filed a nearly identical, website-inaccessibility lawsuit against Hooters. *See Gomez v. Hooters of America, LLC*, Case No. 16-cv-23608-Altonaga, ECF No. 1, Compl. (S.D. Fla. Aug. 22, 2016). Less than three weeks after the filing of that case, the parties reached an agreement and settled their dispute on September 8, 2016. *Id.* at ECF No. 14, Not. of Settlement (Sep. 8, 2016). Less than a month after that, the plaintiff there filed a final stipulation of dismissal. *Id.* at ECF No. 16 (Oct. 5, 2016). The instant case has not progressed so smoothly.

Haynes does not dispute Hooters's characterization of his complaint as "identical" (Def.'s Mot. at 2) to the earlier-filed *Gomez* case. Nor does he dispute Hooters's representation that Haynes's counsel affirmed that he "would agree to the same remedial measures and timing for revising the [Hooters] website that are in the Gomez settlement" (*Id.* at 3, 7). Nonetheless Haynes insists on having his identical "claims [] heard on their merits" by this Court (Pl.'s Resp. at 5.)

In support of his position, Haynes presents two arguments. First, he complains that his rights should not be affected by a settlement agreement to which he was never a party. While it is true that Haynes cannot be bound by the *Gomez* settlement agreement, this does not mean that the settlement agreement has otherwise failed to resolve Haynes's claim. To the contrary, "[t]he existence of

the remedial plan," agreed to in the settlement, "mean[s] that [the] plaintiff has already. . . received everything to which he would be entitled, if his lawsuit were successful," leaving nothing for this Court to determine. *Kallen v. J.R. Eight, Inc.*, 775 F. Supp. 2d 1374, 1378 (S.D. Fla. 2011) (King, J.) (quotations omitted). Haynes's argument that, generally, the filing of "a prior ADA lawsuit does not preclude subsequent plaintiffs from suing for similar violations" is inapplicable here. (Resp. at 3.) Where a prior identical, ADA-premises lawsuit has not only been filed but has been actually resolved before the filing of the second suit, this proposition may no longer apply. This is so where, as here, there ceases to be a live controversy: Hooters has agreed to remedy, in accordance with a binding settlement agreement in the *Gomez* case, all of the website inaccessibility issues Haynes complains of in this suit. Ordering Hooters to do what it has already agreed to do affords Haynes no meaningful relief. *Access 4 All, Inc. v. Casa Marina Owner, LLC*, 458 F. Supp. 2d 1359, 1365 (S.D. Fla. 2006) (declining to exercise jurisdiction where "no effective relief can be granted"), *vacated and remanded* (per an agreement between the parties), 264 F. App'x 795 (11th Cir. 2008). That Haynes was not a party to the *Gomez* settlement agreement is irrelevant in this context.

Notwithstanding Hooters's agreement to remove its website's barriers to access as a result of the *Gomez* settlement, Haynes next submits his case is not actually mooted. According to Haynes, "a mere plan to fix an ADA violation is insufficient to moot a case." (Resp. at 5.) Haynes describes Hooters as "only in the process of fixing [its] ADA violations." (*Id.*) The Court's view of the status of Hooters's remedial efforts, however, differs from Haynes' characterization. Here, Hooters's agreement for ADA compliance was already in effect before Haynes filed his lawsuit. This plan is in accordance with a binding settlement agreement, entered into as a result of the *Gomez* litigation. Haynes does not dispute that Hooters is in compliance with its obligations under that agreement and that Hooters has already complied with the first phase of the remediation. There is additionally no dispute that Haynes's counsel has also declared that he "would agree to the same remedial measures and timing for revising the website that are in the Gomez settlement." Based on these findings, the Court finds it "clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Casa Marina*, 458 F. Supp. 2d at 1365 (citing *Buckhannon v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598 (2001)). Haynes's description of the remediation as being "only in process" and "a mere plan" understates Hooters's progress. Further, Haynes's concerns that Hooters may revert to its prior discriminatory practices and that there are "no assurances . . . that Hooters will remain ADA compliant" is true in any ADA case. *But see Kallen*, 775 F. Supp. 2d at 1379 ("It is untenable for [p]laintiff to suggest that once the renovations are

completed they could be undone.") In this case, presented in this posture, without any allegations that the relief requested by Haynes differs in any way from the relief addressed by the *Gomez* settlement, the Court finds no live controversy warranting the Court's intervention.

The Court therefore **grants** Hooters's motion to dismiss (**ECF No. 8**) and **dismisses** Haynes's complaint, albeit without prejudice, for lack of jurisdiction due to mootness. The Clerk is directed to **close** this case. Any pending motions are **denied as moot**.

**Done and ordered**, at Miami, Florida, on June 13, 2017.

_____
Robert N. Scola, Jr.
United States District Judge